UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ALEJANDRO JASSAN,

                Petitioner,

vs.                                        Case No.   2:04-cv-377-FtM-29SPC

JAMES V. CROSBY, Secretary of the
Department of Corrections,

                Respondent.
_____

**OPINION AND ORDER**

     This matter comes before the Court on petitioner's Certificate of Appealability (Doc. #20) and Application to Proceed Without Prepayment of Fees (Doc. #21), both filed on April 20, 2005.

     On April 24, 1996, the President signed into law amendments to 28 U.S.C. §§ 2244, 2253, 2254, 2255, Appellate Rule 22, and 21 U.S.C. § 848(q).  Under 28 U.S.C. § 2253(c)(1), an appeal cannot be taken from a final order in a habeas proceeding unless a certificate of appealability issues.  The decision to issue a certificate of appealability requires "an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

     Specifically, where a district court has rejected a prisoner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.  See

Slack v. McDaniel, 529 U.S. 473, 484 (2000); Peoples v. Haley, 227 F.3d 1342 (11th Cir. 2000). When the district court has rejected a claim on procedural grounds, the petitioner must show that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. Slack, 529 U.S. at 484; Franklin v. Hightower, 215 F.3d 1196, 1199 (11th Cir. 2000) (per curiam), cert. denied, 121 S. Ct. 1738 (2001). "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El v. Cockrell, 537 U.S. at 336.

Petitioner filed a Notice of Appeal (Doc. #19) on April 20, 2005, from the Court's April 7, 2005, Opinion and Order (Doc. #17) dismissing the § 2254 petition as time-barred. In that Opinion and Order, the Court considered equitable tolling and actual innocence and found that petitioner had failed to establish due diligence or extraordinary circumstances which prevented the timely filing, or that he was actually innocent. The Court finds that petitioner has failed to show that jurists of reason would find it debatable whether the Court was correct in its procedural ruling. As a result, the request to proceed in forma pauperis is moot.

Accordingly, it is now

**ORDERED:**

1.  Petitioner's Certificate of Appealability (Doc. #20) is **DENIED**.

2.  Petitioner's Application to Proceed Without Prepayment of Fees (Doc. #21) is **DENIED** as moot.

**DONE AND ORDERED** at Fort Myers, Florida, this   22nd   day of April, 2005.

                                                                       *John E. Steele*
                                                                       JOHN E. STEELE
                                                                       United States District Judge

Copies:
USCA
Parties of record
SA/hk